Meredith Holley
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| HALEY OLSON,<br><br>          Plaintiff,<br><br><br>        vs.<br><br><br>GRANT COUNTY, GLENN PALMER, AND JIM CARPENTER,<br>        Defendants. | Case No.  2:20-cv-01342-SU<br><br>SECOND AMENDED COMPLAINT<br>(Violation of Civil Rights, 42 U.S.C. § 1983; violation of ORS 30.833; intrusion upon seclusion; public disclosure of private facts; intentional infliction of emotional distress)<br><br>*Demand for Jury Trial* |

## INTRODUCTION

1.

On December 4, 2019, Plaintiff Haley Olson learned that Defendant Jim Carpenter accessed her cell phone records, which included nude photos from when she was a minor and sexual photos and videos, without any warrant or suspicion of criminal activity. Defendant Carpenter accessed this phone information at the request of

SECOND AMENDED COMPLAINT – Page 1

Defendant Palmer. Upon information and belief, Defendant Carpenter shared the contents of Ms. Olson's phone with Defendant Palmer. Upon information and belief, Defendants Carpenter and Palmer have released information contained in Ms. Olson's phone to other individuals, who have harassed Ms. Olson based on sexual information in her phone.

### JURISDICTION AND VENUE

2.

This matter arises under federal law, 42 U.S.C. § 1983. Supplemental jurisdiction over related state law claims is proper under 28 U.S.C. § 1367.

3.

The events underlying Plaintiff's claims took place in Grant County, Oregon, making venue proper in the District of Oregon, Pendleton Division.

### PARTIES

4.

Plaintiff Haley Olson is a resident of Grant County, Oregon.

5.

Defendant Grant County is a county government entity in Oregon.

6.

Defendant Glenn Palmer is a resident of Grant County and is employed as the Grant County Sheriff. He is sued in his individual capacity.

7.

Defendant Jim Carpenter is employed as the Grant County District Attorney. He is sued in his individual capacity.

SECOND AMENDED COMPLAINT – Page 2

**FACTUAL ALLEGATIONS**

8.

In January 2019, Haley Olson was arrested in Idaho. Ms. Olson signed a Voluntary Consent to Search form allowing Idaho State Police to search her mobile phone. Ms. Olson consented to this search based on the Idaho State Police's representation that the phone extraction would be used for no other purposes than the Idaho State Police investigation. Ms. Olson's arrest was made a confidential record.

9.

In February 2019, a customer of Ms. Olson's approached her and said, "What happened to ya out in Idaho? Palmer told me you got arrested," referring to Defendant Palmer. Ms. Olson was surprised that Defendant Palmer knew of her arrest and was telling others about it because she understood her arrest to be confidential.

10.

In March 2019, that same customer approached Ms. Olson and said, "I was down at the Sheriff's Office and they were talking about you." He said he had heard something about contents on her phone. Ms. Olson was alarmed and did not know why anyone in the Sheriff's Office would be talking about contents of her phone.

11.

In May 2019, Ms. Olson received a Facebook message from an unidentified user, saying, "You are garbage." Ms. Olson had never received a message like that and did not know at the time why someone would have sent it.

SECOND AMENDED COMPLAINT – Page 3

12.

In July 2019, a male stranger approached Ms. Olson in a grocery store and said, "I heard there are some pretty smokin' pictures of you going around the Sheriff's Office." Ms. Olson was very troubled and afraid at this comment. Ms. Olson's romantic partner is a Sheriff's Deputy, and she did not know how pictures of her could be distributed in the Sheriff's Office.

Also in July 2019, a friend of Ms. Olson's told her that Zack and Abbie Mobley, the Under-Sheriff of Grant County and his wife, had said, "There are photos on Haley's phone you gotta see," and asked if Ms. Olson was still "fucking" her romantic partner, who is a Grant County Sheriff Deputy. Ms. Olson's romantic relationship was not public information at that point, and this made Ms. Olson suspect that information from her phone had been made public.

13.

On August 9, 2019, Ms. Olson's partner was put on administrative leave from the Sheriff's Office.

14.

Also in August 2019, someone approached Ms. Olson and said they had heard there was a video of Ms. Olson in a specific sexual position. Ms. Olson saw another person point at Ms. Olson and say that she "likes to fuck cops."

15.

On December 4, 2019, Ms. Olson, concerned that somehow Grant County may have received her phone information from Idaho, made a public records request for that information.

SECOND AMENDED COMPLAINT – Page 4

16.

Also on December 4, 2019, Defendant Carpenter wrote in a letter to Ms. Olson, which says in part, "On January 19, 2019, I wrote a letter to the Idaho prosecutor requesting the cell phone extraction. The extraction was provided on a flash drive. I do recall asking at least two agencies, the Oregon State Police being one of them, to review the extraction. I do not recall the other agency that I asked to review it at the time, but think it may have been the Oregon Department of Justice, Criminal Division. The agencies I asked to review it declined saying that they were criminal investigation agencies and as there were no allegations of a crime there was nothing for them to investigate. . .. Following my review, I provided the Sheriff with a letter dated April 10, 2019, with my findings. The content of the flash drive was clearly personal in nature." Before this time, Ms. Olson did not know Grant County possessed her cell phone extraction or had reviewed the intimate, sexual content in the extraction.

17.

Upon information and belief Defendant Carpenter, Defendant Palmer, and/or other employees of Grant County distributed contents of Ms. Olson's phone to other individuals, and this led to the harassment she has experienced beginning in 2019.

18.

On April 14, 2020, Haley Olson filed claims in Grant County Circuit Court based on the facts alleged above. Her filing constituted Tort Claims Notice under the Oregon Tort Claims Act, ORS 30.260 *et seq.*

19.

Defendants' actions and inactions have caused Plaintiff Olson harms in an amount to be determined by a jury at trial, including counseling therapy expenses, business

SECOND AMENDED COMPLAINT – Page 5

expenses, lost income, attorney fees and costs; and, severe emotional distress including humiliation, pain, sleeplessness, degradation, fear for her life because of information disseminated regarding her arrest, and other emotional traumas.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983:
### VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY
### (AGAINST ALL DEFENDANTS)

20.

Plaintiff repeats and realleges paragraphs 1-19 as though fully set forth.

21.

At all material times Defendants Carpenter and Palmer were acting individually and jointly under color of state law and within the scope of their employment.

22.

The actions of Defendants, individually and jointly, in viewing and disseminating the intimate images on Plaintiff Haley Olson's phone were the fruits of unlawful searches and seizures in violation of Plaintiff's right to be free from unreasonable searches and seizures secured by the Fourth Amendment and her right to personal privacy secured by the Fourteenth Amendment.

23.

Defendants' violation of Plaintiff's civil rights have caused, and continue to cause, her harms. Under 42 U.S.C. 1983, Plaintiff is entitled to an award of compensatory damages in an amount to be proved at trial for damages reflecting her financial harms and the mental and emotional suffering she has experienced, and is still experiencing, as a direct and natural result of Defendants' violation of her civil rights.

SECOND AMENDED COMPLAINT – Page 6

24.

Under 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

25.

The actions taken by Defendants, and each of them, were willful and malicious and done with reckless indifference to Plaintiff's protected privacy rights. Defendants should, therefore, be assessed punitive damages in an amount to be fixed by a jury to punish them and to deter such conduct in the future.

26.

In addition to the damages described above, Plaintiff is entitled to an injunctive order against all Defendants instructing them to preserve all downloaded cell phone data downloaded from Plaintiff's phone, refrain from accessing such data, and return that data to Plaintiff or transfer it under seal, in trust, to this Court, without retaining any of the data.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983:
### VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE
### (AGAINST ALL DEFENDANTS)

27.

Plaintiff repeats and realleges paragraphs 1-26 as though fully set forth.

28.

At all material times Defendants Carpenter and Palmer were acting individually and jointly under color of state law and within the scope of their employment.

29.

The actions of Defendants, individually and jointly, in viewing, disseminating, describing, and relaying the contents of intimate images on Plaintiff's phone

SECOND AMENDED COMPLAINT – Page 7

targeted Plaintiff as a woman by exposing naked images of her when she was a minor youth, her private sexual images, and personal romantic images to public scrutiny, in violation of her right to equal protection under the law guaranteed by the Fourteenth Amendment.

30.

Defendants' violation of Plaintiff's civil rights have caused and continue to cause her harms. Under 42 U.S.C. 1983, Plaintiff is entitled to an award of compensatory damages in an amount to be proved at trial for damages reflecting her financial harms and the mental and emotional suffering she has experienced, and is still experiencing, as a direct and natural result of Defendants' violation of her civil rights.

31.

Under 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

32.

The actions taken by Defendants, and each of them, were willful and malicious and done with reckless indifference to Plaintiff's protected privacy rights. Defendants should, therefore, be assessed punitive damages in an amount to be fixed by a jury to punish them and to deter such conduct in the future.

33.

In addition to the damages described above, Plaintiff is entitled to an injunctive order against all Defendants, instructing them to preserve all downloaded cell phone data downloaded from Plaintiff's phone, refrain from accessing such data, and return that data to Plaintiff or transfer it under seal, in trust, to this Court, without retaining any of the data.

SECOND AMENDED COMPLAINT – Page 8

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF ORS 30.833**
**(AGAINST ALL DEFENDANTS)**

34.

Plaintiff repeats and realleges paragraphs 1-33 as though fully set forth.

35.

At all material times Defendants Carpenter and Palmer were acting within the scope of their employment.

36.

Without Plaintiff's knowledge or consent, Defendants individually or jointly, in the scope and course of their employment, disseminated intimate images of Plaintiff to each other and/or other individuals. Based on the intimate nature of the images themselves, Defendants knew or should have known that, at the time of the intimate images were taken, Plaintiff was in a place and circumstance where she had a reasonable expectation of personal privacy and did not consent to the disclosures. The disclosures would have harassed, humiliated, or injured a reasonable person and did harass, humiliate, or injure Plaintiff.

37.

Defendants' unlawful dissemination of Plaintiff's intimate images have caused and continue to cause her harms. Under ORS 30.833, Plaintiff is entitled to an award of compensatory damages in an amount to be proven at trial for therapy expenses, financial harms, and damages reflecting the mental and emotional suffering Plaintiff experienced, and is still experiencing, as a direct and natural result of Defendants' unlawful dissemination of the intimate images.

SECOND AMENDED COMPLAINT – Page 9

38.

The actions taken by Defendants, and each of them, were willful and malicious and done with reckless indifference to Plaintiff's protected privacy rights. Defendants should, therefore, be assessed punitive damages in an amount to be fixed by a jury to punish them and to deter such conduct in the future.

39.

Plaintiff is entitled to attorney fees under ORS 30.833. Defendants' actions also unlawfully targeted and/or impacted Plaintiff as a woman, by disclosing nude, sexual, and romantic images, and Plaintiff is entitled to an award of attorney fees under ORS 20.107.

40.

In addition to the damages described above, Plaintiff is entitled to an injunctive order against all Defendants, instructing them to preserve all downloaded cell phone data downloaded from Plaintiff's phone, refrain from accessing such data, and return that data to Plaintiff or transfer it under seal, in trust, to this Court, without retaining any of the data.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENCE PER SE
## (AGAINST ALL DEFENDANTS)

41.

Plaintiff repeats and realleges paragraphs 1-40 as though fully set forth.

42.

At all material times Defendants Carpenter and Palmer were acting within the scope of their employment.

SECOND AMENDED COMPLAINT – Page 10

43.

Defendants were negligent *per se* in one or more of the following:

(a) In violating ORS 133.535 by seizing and searching Plaintiff's cell phone records, without any allegation of a crime in Oregon, that the cell phone records were contraband or fruits of a crime in Oregon, or that the cell phone had been used in a crime in Oregon. ORS 133.535 is intended to protect Oregon citizens, like Plaintiff, from unlawful search and seizure.

(b) In violating ORS 133.539 by obtaining information from Plaintiff's portable electronic device without a warrant or lawful consent. ORS 133.539 is intended to protect Oregon citizens, like Plaintiff, from unlawful access to information in a portable electronic device.

44.

Defendants' violation of one or more of the above statutory protections have caused and continue to cause Plaintiff harms. Plaintiff is entitled to an award of compensatory damages in an amount to be proven at trial for therapy expenses, financial harms, and damages reflecting the mental and emotional suffering Plaintiff experienced, and is still experiencing, as a direct and natural result of Defendants' unlawful dissemination of the intimate images.

45.

The actions taken by Defendants, and each of them, even if negligent in nature as to the harms they caused to Plaintiff, were willful and malicious and done with reckless indifference to Plaintiff's protected privacy rights. Defendants should, therefore, be assessed punitive damages in an amount to be fixed by a jury to punish them and to deter such conduct in the future.

SECOND AMENDED COMPLAINT – Page 11

46.

Defendants' actions unlawfully targeted and/or impacted Plaintiff as a woman, by disclosing nude, sexual, and romantic images, and Plaintiff is entitled to an award of attorney fees under ORS 20.107.

47.

In addition to the damages described above, Plaintiff is entitled to an injunctive order against all Defendants, instructing them to preserve all downloaded cell phone data downloaded from Plaintiff's phone, refrain from accessing such data, and return that data to Plaintiff or transfer it under seal, in trust, to this Court, without retaining any of the data.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW INTRUSION UPON SECLUSION
## (AGAINST ALL DEFENDANTS)

48.

Plaintiff repeats and realleges paragraphs 1-47 as though fully set forth.

49.

At all material times Defendants Carpenter and Palmer were acting within the scope of their employment with Defendant Grant County.

50.

By viewing and/or distributing Plaintiff's intimate images, which depict Plaintiff under 18 years old and nude, and/or in sexual or romantic circumstances, Defendants invaded a space in which Plaintiff had a reasonable expectation of privacy. By disseminating these images between each other and/or to third parties as described above, Defendants committed intentional intrusions upon Plaintiff's

solitude or seclusion or private affairs or concerns. This would be highly offensive to a reasonable person.

51.

As a result of Defendants' intentional intrusions upon Plaintiff's seclusion, Plaintiff is entitled to an award of compensatory damages in an amount to be determined by a jury at trial for damages reflecting the financial harms of costs of therapy, lost income, and mental and emotional suffering Plaintiff experienced, and is still experiencing, as a direct and natural result of Defendants' unlawful access and viewing of her intimate images.

52.

As explained above, Defendants' intentional intrusions upon Plaintiff's seclusion were malicious, committed with reckless and outrageous indifference to a highly unreasonable risk of harm to Plaintiff, and were done with a conscious indifference to health, safety, and welfare of Plaintiff. Accordingly, Plaintiff is also entitled an award of punitive damages in an amount to be proven at trial.

53.

Defendants' actions unlawfully targeted and/or impacted Plaintiff as a woman, by disclosing nude, sexual, and romantic images, and Plaintiff is entitled to an award of attorney fees under ORS 20.107.

54.

In addition to the damages described above, Plaintiff is entitled to an injunctive order against all Defendants, instructing them to preserve all downloaded cell phone data downloaded from Plaintiff's phone, refrain from accessing such data, and return that data to Plaintiff or transfer it under seal, in trust, to this Court, without retaining any of the data.

SECOND AMENDED COMPLAINT – Page 13

**SIXTH CLAIM FOR RELIEF**
**COMMON LAW PUBLIC DISCLOSURE OF PRIVATE FACTS**
**(AGAINST ALL DEFENDANTS)**

55.

Plaintiff repeats and realleges paragraphs 1-54 as though fully set forth.

56.

At all material times Defendants Carpenter and Palmer were acting within the scope of their employment with Defendant Grant County.

57.

Defendants made public disclosure of Plaintiff's private facts in one or more of the following:

(a) In disclosing information about Plaintiff's interactions with law enforcement in Idaho;

(b) In disclosing information about Plaintiff's nude photographs, including photographs from when she was a minor, by describing, distributing, and/or showing them to other individuals; and/or

(c) In disclosing information about Plaintiff's romantic relationship, including information from sexual photographs and/or videos, by describing, distributing, and/or showing them to other individuals.

58.

As a result of Defendants' public disclosure of Plaintiff's private facts, Plaintiff is entitled to an award of compensatory damages in an amount to be determined by a jury at trial for damages reflecting the financial harms of costs of therapy, lost income, and mental and emotional suffering, including fear for her life, Plaintiff experienced, and is still experiencing, as a direct and natural result of Defendants' unlawful public disclosure of information about Plaintiff.

SECOND AMENDED COMPLAINT – Page 14

59.

As explained above, Defendants' public disclosure of Plaintiff's private facts were malicious, committed with reckless and outrageous indifference to a highly unreasonable risk of harm to Plaintiff, and were done with a conscious indifference to health, safety, and welfare of Plaintiff. Accordingly, Plaintiff is also entitled an award of punitive damages in an amount to be proven at trial.

60.

Defendants' actions unlawfully targeted and/or impacted Plaintiff as a woman, by disclosing nude, sexual, and romantic images, and Plaintiff is entitled to an award of attorney fees under ORS 20.107.

61.

In addition to the damages described above, Plaintiff is entitled to an injunctive order against all Defendants, instructing them to preserve all downloaded cell phone data downloaded from Plaintiff's phone, refrain from accessing such data, and return that data to Plaintiff or transfer it under seal, in trust, to this Court, without retaining any of the data.

**SEVENTH CLAIM FOR RELIEF**
**COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST DEFENDANTS CARPENTER AND PALMER)**

62.

Plaintiff repeats and realleges paragraphs 1-61 as though fully set forth.

63.

As described above, Defendants Carpenter and Palmer intentionally inflicted severe emotional distress on Plaintiff by requesting Plaintiff's complete cell phone history

SECOND AMENDED COMPLAINT – Page 15

with no warrant, accessing her intimate images, and then describing and/or distributing the contents of those images to others.

64.

As described above, Defendants actions constituted an extraordinary transgression of the bounds of socially tolerable conduct.

65.

As a result of the above, Defendants caused Plaintiff severe emotional distress and will continue to cause her emotional distress on a permanent basis.

66.

As a result of Defendants' intentional infliction of emotional distress upon her, Plaintiff is entitled to an award of compensatory damages in an amount to be proven at trial.

67.

Defendants' actions unlawfully targeted and/or impacted Plaintiff as a woman, by disclosing nude, sexual, and romantic images, and Plaintiff is entitled to an award of attorney fees under ORS 20.107.

68.

In addition to the damages described above, Plaintiff is entitled to an injunctive order against all Defendants, instructing them to preserve all downloaded cell phone data downloaded from Plaintiff's phone, refrain from accessing such data, and return that data to Plaintiff or transfer it under seal, in trust, to this Court, without retaining any of the data.

/// ///

/// ///

/// ///

SECOND AMENDED COMPLAINT – Page 16

_____

WHEREFORE, Plaintiff Haley Olson prays for judgment against Defendants as follows:

a.  Economic damages in the form of expenses and lost income in an amount to be determined at trial, and prejudgment interest thereon;

b.  Fair and reasonable compensatory damages to be determined at the time of trial;

c.  Punitive damages;

d.  Reasonable attorney fees and costs incurred herein; and

e.  An injunctive order against all Defendants instructing them to preserve all downloaded cell phone data downloaded from Plaintiff's phone, refrain from accessing such data, and return that data to Plaintiff or transfer it under seal, in trust, to this Court, without retaining any of the data.

DATED this 28th day of August 2020.

_____

Meredith Holley, OSB #125647
Meredith@ErisResolution.com
LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615
Attorney for Plaintiff

SECOND AMENDED COMPLAINT – Page 17

## CERTIFICATE OF SERVICE

I certify that I caused to be served a true and correct copy of THE SECOND AMENDED COMPLAINT on the following person(s) in the manner indicated below at the following address(es):

**Heather J. Van Meter**
Oregon Department of Justice
1162 Court Street, Salem, OR 97301
Heather.J.VanMeter@doj.state.or.us
*Of Attorneys for Defendant Carpenter*

**Aaron Hisel**
ahisel@geraldwarrenlaw.com
**Gerald Warren**
gwarren@geraldwarrenlaw.com
Law Office of Gerald L. Warren and Associates
901 Capitol St. NE
Salem, OR 97301
*Of Attorneys for Defendants Grant County and Palmer*

___x___      by Pacer e-filing system transmission on August 28, 2020.

__x_____      by email to the addresses as indicated above, any interrogatories, requests for production, or requests for admission were emailed in Word or WordPerfect format, as well as in PDF on August 28, 2020.

_____      by U.S. Postal Service to the address indicated above on ____ 2020.

_____      by email to the address indicated above on _____2020.

_____      by email via Drop Box on _____ 2020.

_____      by email via the Court's electronic filing system on _____ 2020.

_____      by facsimile to the facsimile number indicated above on _____ 2020.

_____      by hand delivery on _____ 2020.

By:___*s/ Meredith Holley*_____
      Meredith Holley, Attorney at Law
      OSB No. 125647
      458-221-2671
      833-352-3651 (fax)
      meredith@erisresolution.com

**207 East 5th Avenue, Suite 254**
**Eugene, OR 97401**
**458-221-2671**

CERTIFICATE OF SERVICE