Gerald L. Warren, OSB #814146
*gwarren@geraldwarrenlaw.com*
Aaron P. Hisel, OSB #161265
*ahisel@geraldwarrenlaw.com*
Law Office of Gerald L. Warren and Associates
901 Capitol St. NE
Salem, OR 97301
Telephone: (503) 480-7250
Fax: (503) 779-2716
Attorneys for Defendants Grant Count
and Glenn Palmer ("County defendants")

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION

HALEY OLSON,

Plaintiff,

v.

GRANT COUNTY; SHERIFF GLENN PALMER; and DISTRICT ATTORNEY JIM CARPENTER,

Defendants.

Case No. 2:20-cv-01342-SU

**DEFENDANTS' GRANT COUNTY AND GLENN PALMER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

For their Answer to plaintiff's Second Amended Complaint, defendants Grant County and Sheriff Glenn Palmer ("County defendants") hereby admit, deny and allege as follows:

1.

In response to paragraph 1, County defendants deny Sheriff Palmer ever accessed, possessed, distributed, or "released" any data from plaintiff's cell phone alleged to have been obtained by District Attorney Jim Carpenter. On this basis, County Defendants are without sufficient knowledge or information to admit or deny whether plaintiff's cell phone contained sexual photos of herself as a minor, or otherwise. Defendants further deny plaintiff has any

"information" to support a belief that Sheriff Palmer ever possessed the contents of her phone. County Defendants also lack knowledge or information sufficient to admit or deny whether plaintiff has been "harassed" by any unidentified individuals and on that basis, deny.

2.

In response to paragraphs 2 and 3, these are plaintiff's jurisdiction and venue allegations to which no response is required. To the extent any facts are alleged, they are denied unless admitted hereinafter.

3.

In response to paragraphs 4, 5, 6, and 7, County defendants admit Grant County is a governmental entity in Oregon, that Sheriff Palmer is the elected Sheriff and a resident of Grant County, and that Jim Carpenter is the Grant County District Attorney. County defendants are without knowledge or information sufficient to admit or deny where plaintiff currently resides, and on that basis, deny those allegations.

4.

In response to paragraph 8, County defendants admit plaintiff was arrested by law enforcement in Idaho. County defendants are without knowledge or information sufficient to admit or deny what interactions or agreements plaintiff made with any Idaho law enforcement representatives, and on that basis, deny the remainder of these allegations.

5.

In response to paragraphs 9, 10, 11, and 12, County defendants are without knowledge or information sufficient to admit or deny whether the described interactions occurred or the contents of any of those interactions, and on that basis, deny.

6.

In response to paragraph 13, County defendants have an understanding plaintiff was engaged in an extramarital affair with Deputy Tyler Smith in 2019 when Deputy Smith was placed on administrative leave from the Sheriff's Office. To the extent this is the "partner" described in paragraph 13, admit. Otherwise, County defendants are without knowledge or information sufficient to admit or deny who plaintiff's unidentified "partner" is, and on that basis, deny.

7.

In response to paragraphs 14 and 15, County defendants are without knowledge or information sufficient to admit or deny whether the interactions described with an unidentified individual occurred or the contents of any of those interactions, and on that basis, deny.

8.

In response to paragraph 16, admit that a letter dated December 4, 2019 from District Attorney Carpenter to plaintiff includes the quoted material as well as omitted material in the same correspondence that Sheriff Palmer never possessed the cell phone data and that District Attorney Carpenter had deleted the same. County defendants are without knowledge or information sufficient to admit or deny what plaintiff learned or when, and on that basis, deny those allegations.

9.

In response to paragraphs 17 and 18, admit plaintiff filed a civil claim on April 14, 2020 in Grant County Circuit Court. Except as so admitted, deny.

10.

In response to paragraphs 19 through 68, these paragraphs contain plaintiff's legal theories, legal conclusions and statement of damages to which no response is required. To the extent facts are alleged, they are denied unless expressly admitted hereinabove.

FOR A FIRST AFFIRMATIVE DEFENSE, defendants allege:

(Failure to State a Claim)

11.

Plaintiff has failed to state facts constituting a claim for relief for one or more of the claims asserted.

FOR A SECOND AFFIRMATIVE DEFENSE, Sheriff Palmer alleges:

(Qualified Immunity)

12.

Sheriff Palmer is entitled to qualified immunity from plaintiff's First and Second claims in that his conduct did not violate any clearly established law.

FOR A THIRD AFFIRMATIVE DEFENSE, defendants allege:

(Limitations under the Oregon Tort Claims Act)

13.

Plaintiff's Third, Fourth, Fifth, Sixth and Seventh claims are subject to the conditions, limitations, immunities and restrictions of the Oregon Tort Claims Act, as set forth in ORS 30.260 *et seq.*,

FOR A FOURTH AFFIRMATIVE DEFENSE, County defendants allege:

(Sheriff Palmer is not a Proper Defendant)

15.

Any tort claim against Grant County should be against the public body only and not its officer or employee who was, at all times relevant, acting as Sheriff and within the course and scope of his position. Accordingly, all of plaintiff's state tort claims must proceed only against Grant County under ORS 30.265(2).

FOR A FIFTH AFFIRMATIVE DEFENSE, County defendants allege:

(Absolute Privilege)

16.

The conduct alleged against Sheriff Palmer was undertaken within the course and scope of his position as the Sheriff of Grant County. To the extent there could ever be evidence that he spoke to anyone about the contents of plaintiff's cell phone, despite never possessing or viewing those items, the County defendants would still be entitled to absolute privilege from suit from plaintiff's state claims related to those conversations.

FOR A SIXTH AFFIRMATIVE DEFENSE, County defendants allege:

(Qualified/Conditional Privilege)

17.

The conduct alleged against Sheriff Palmer was undertaken within the course and scope of his position as the Sheriff of Grant County. To the extent there could ever be evidence that he spoke to anyone about the contents of plaintiff's cell phone, despite never possessing or viewing those items, the County defendants would still be entitled to a qualified or conditional privilege from suit from plaintiff's state claims related to those conversations.

FOR A SEVENTH AFFIRMATIVE DEFENSE, County defendants allege:

(Contributory Negligence)

Plaintiff contributed to her injuries, if any, by consenting to the download of her cell phone data knowing, or when she reasonably should have known: the contents could be embarrassing; there could be evidence of wrongful conduct by herself or others; or given the nature of her criminal arrest, the contents could be requested by the District Attorney in the State of her residence for review of any possible criminal or other wrongful conduct. Plaintiff has also contributed to her injuries, if any, by intentionally and repeatedly publicizing the information for which she alleges she was harmed by that information being known by others.

WHEREFORE, having fully responded to plaintiff's Complaint, County defendants request judgment in their favor and against plaintiff along with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988 and ORS 20.105.

DATED this 10th day of September, 2020.

s/ Aaron P. Hisel
Gerald L. Warren, OSB #814146
Aaron P. Hisel, OSB #161265
Attorneys for Defendants Grant County and Sheriff Glenn Palmer

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing ANSWER OF DEFENDANTS' GRANT COUNTY AND GLENN PALMER TO PLAINTIFF'S SECOND AMENDED COMPLAINT on:

Meredith A. Holley
Law Office of Meredith Holley
207 E. 5th Avenue, Ste. 254
Eugene, OR 97401
Attorney for Plaintiff

Heather J. Van Meter
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
Attorney for Defendant Jim Carpenter

by the following indicated method or methods:

☒ by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 10th day of September, 2020.

s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Of Attorneys for Defendants Grant County and Sheriff Glenn Palmer