Gerald L. Warren, OSB #814146
*gwarren@geraldwarrenlaw.com*
Aaron P. Hisel, OSB #161265
*ahisel@geraldwarrenlaw.com*
Law Office of Gerald L. Warren and Associates
901 Capitol St. NE
Salem, OR 97301
Telephone: (503) 480-7250
Fax: (503) 779-2716
Attorneys for Defendants Grant County
and Glenn Palmer

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION

HALEY OLSON,

Plaintiff,

v.

GRANT COUNTY, et al.,

Defendants.

Case No. 2:20-cv-01342-SU

**DEFENDANTS GRANT COUNTY AND GLENN PALMER'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**(Request for Jury Trial)**

For their Answer to plaintiff's Third Amended Complaint, defendants Grant County and Glenn Palmer ("answering defendants") hereby admit, deny and allege as follows:

1.

In response to paragraph 1, answering defendants deny Sheriff Palmer ever accessed, possessed, distributed, or "released" any data from plaintiff's cell phone alleged to have been obtained by District Attorney Jim Carpenter. Answering defendants are without sufficient knowledge or information to admit or deny whether plaintiff's cell phone contained sexual photos of herself as a minor. Answering defendants further deny plaintiff has any "information"

to support a belief that Sheriff Palmer ever possessed the contents of her phone and affirmatively allege that these allegations are being made in the absence of a good-faith basis. Answering defendants also lack knowledge or information sufficient to admit or deny whether plaintiff has been "harassed" by any unidentified individuals and on that basis, deny.

2.

In response to paragraphs 2 and 3, these are plaintiff's jurisdiction and venue allegations to which no response is required. To the extent any facts are alleged, they are denied unless admitted hereinafter.

3.

In response to paragraphs 4, 5, 6, 7, 8, and 9, answering defendants admit Grant County is a governmental entity in Oregon, that Sheriff Palmer was the elected Sheriff and a resident of Grant County, that Zach Mobley is the Undersheriff, that Abigail Mobley was formerly a Deputy Sheriff, and that Jim Carpenter is the Grant County District Attorney. Answering defendants are without knowledge or information sufficient to admit or deny where plaintiff currently resides, and on that basis, deny those allegations. Answering defendants deny that Glenn Palmer is currently the Sheriff, Jim Carpenter is the Grant County Counsel or that Abigail Mobley is currently employed as a Grant County Deputy Sheriff.

4.

In response to paragraph 10, answering defendants admit plaintiff was arrested by law enforcement in Idaho. Answering defendants are without knowledge or information sufficient to admit or deny what interactions or agreements plaintiff made with any Idaho law enforcement representatives, and on that basis, deny the remainder of these allegations.

5.

In response to paragraphs 11, 12, 13, 14, and 15, answering defendants are without knowledge or information sufficient to admit or deny whether the described interactions with unidentified individuals occurred, and on that basis, deny. Answering defendants acknowledge that through discovery plaintiff has produced a supposed Facebook message consistent with the allegations of paragraph 13 but have no knowledge about the authenticity of that message or how it could have been produced anonymously through Facebook to begin with, and on that basis, deny.

6.

In response to paragraph 16, answering defendants have an understanding plaintiff was engaged in an extramarital affair with Deputy Tyler Smith in 2019 when Deputy Smith was placed on administrative leave from the Sheriff's Office. To the extent this is the "partner" described in paragraph 16, admit. Otherwise, answering defendants are without knowledge or information sufficient to admit or deny who plaintiff's unidentified "partner" is, and on that basis, deny.

7.

In response to paragraph 17, answering defendants are without knowledge or information sufficient to admit or deny whether the interactions described with an unidentified individual occurred or the contents of any of those interactions, and on that basis, deny.

8.

In response to paragraphs 18 and 19, admit that a letter dated December 4, 2019 from District Attorney Carpenter to plaintiff includes the quoted material as well as omitted material in the same correspondence that Sheriff Palmer never possessed the cell phone data and that

District Attorney Carpenter had deleted the same. Answering defendants are without knowledge or information sufficient to admit or deny what plaintiff learned or when, and on that basis, deny those allegations.

9.

In response to paragraph 20, answering defendants are without knowledge or information sufficient to admit or deny whether the interactions described with an unidentified individual occurred or the contents of any of those interactions, and on that basis, deny.

10.

Deny paragraph 21.

11.

In response to paragraphs 22, 23, and 24, admit plaintiff filed a civil claim on April 14, 2020 in Grant County Circuit Court and that she was involved in the filing of a DPSST complaint. Except as so admitted, deny, including expressly denying that the filing of a DPSST complaint can serve as proper tort claim notice.

12.

In response to paragraphs 25 through 96, these paragraphs contain plaintiff's legal theories, legal conclusions and statement of damages to which no response is required. To the extent facts are alleged, they are denied unless expressly admitted hereinabove.

FOR A FIRST AFFIRMATIVE DEFENSE, answering defendants allege:

(Failure to State a Claim)

13.

Plaintiff has failed to state facts constituting a claim for relief for one or more of the claims asserted.

FOR A SECOND AFFIRMATIVE DEFENSE, Sheriff Palmer alleges:

(Qualified Immunity)

14.

Glenn Palmer is entitled to qualified immunity from plaintiff's First and Third claims in that his conduct did not violate any clearly established law.

FOR A THIRD AFFIRMATIVE DEFENSE, answering defendants allege:

(Limitations under the Oregon Tort Claims Act)

15.

Plaintiff's Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth claims are subject to the conditions, limitations, immunities and restrictions of the Oregon Tort Claims Act, as set forth in ORS 30.260 *et seq*.,

FOR A FOURTH AFFIRMATIVE DEFENSE, answering defendants allege:

(Sheriff Palmer is not a Proper Defendant)

16.

Any tort claim against Grant County should be against the public body only and not its officer or employee who was, at all times relevant, acting as Sheriff and within the course and scope of his position. Accordingly, all of plaintiff's state tort claims must proceed only against Grant County under ORS 30.265(2).

FOR A FIFTH AFFIRMATIVE DEFENSE, answering defendants allege:

(Absolute Privilege)

17.

The conduct alleged against Sheriff Palmer was undertaken within the course and scope of his position as the Sheriff of Grant County. To the extent there could ever be evidence that

Sheriff Palmer spoke to anyone about the contents of plaintiff's cell phone, despite never possessing or viewing those items, answering defendants would still be entitled to absolute privilege from suit from plaintiff's state claims related to those conversations.

FOR A SIXTH AFFIRMATIVE DEFENSE, answering defendants allege:

(Qualified/Conditional Privilege)

18.

The conduct alleged against Sheriff Palmer was undertaken within the course and scope of his position as the Sheriff of Grant County. To the extent there could ever be evidence that he spoke to anyone about the contents of plaintiff's cell phone, despite never possessing or viewing those items, Grant County and Glenn Palmer would still be entitled to a qualified or conditional privilege from suit from plaintiff's state claims related to those conversations.

FOR A SEVENTH AFFIRMATIVE DEFENSE, answering defendants allege:

(Contributory Negligence / Failure to Mitigate)

19.

Plaintiff contributed to her injuries, if any, by consenting to the download of her cell phone data knowing, or when she reasonably should have known: the contents could be embarrassing; there could be evidence of wrongful conduct by herself or others; or given the nature of her criminal arrest, the contents could be requested by the District Attorney in the State of her residence for review of any possible criminal or other wrongful conduct. Plaintiff has also contributed to her injuries, if any, by intentionally and repeatedly publicizing information, including knowingly false information, for which she now alleges she was harmed by that information being known by others.

WHEREFORE, having fully responded to plaintiff's Third Amended Complaint, Grant County and Glenn Palmer request judgment in their favor and against plaintiff along with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988 and ORS 20.105.

DATED this 12th day of March, 2021.

s/ Aaron P. Hisel
Gerald L. Warren, OSB #814146
Aaron P. Hisel, OSB #161265
Attorneys for Defendants Grant County and Sheriff Glenn Palmer

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing DEFENDANTS GRANT COUNTY AND GLENN PALMER'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT on:

Meredith A. Holley
Law Office of Meredith Holley
207 E. 5th Avenue, Ste. 254
Eugene, OR 97401
Attorney for Plaintiff

David M. Berryman
Kenneth C. Crowley
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
Attorney for Defendant Jim Carpenter

by the following indicated method or methods:

☒ by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 12th day of March, 2021.

s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Of Attorneys for Defendants Grant County and Sheriff Glenn Palmer