**Robert E. Franz, Jr.** OSB #730915
E-Mail: rfranz@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR 97477
Telephone: (541) 741-8220

**Daniel E. Thenell** OSB #971655
E-Mail: dan@thenelllawgroup.com
Thenell Law Group, P.C.
12909 SW 68TH Parkway, Suite 290
Portland, OR 97223
Telephone: (503) 372-6450

Attorneys for Defendants
Abigail Mobley and Zach Mobley

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**Haley Olson**,

Plaintiff,

v.

**Grant County**, a government entity; **Glenn Palmer**, **Jim Carpenter**, **Zach Mobley**, and **Abigail Mobley**, individuals,

Defendants.

Case No. 2:20-cv-01342-SU

**Answer to Plaintiff's Third Amended Complaint** by Defendants Abigail Mobley and Zach Mobley

**Demand for Jury Trial**

COME NOW Defendants Abigail Mobley and Zach Mobley by and through their attorneys, the Law Office of Robert E. Franz, Jr. and Thenell Law Group, P.C., and for answer to Plaintiff's Third Amended Complaint on file herein hereby allege as follows:

1.

These answering Defendants admit that Glenn Palmer was once the elective Sheriff of Grant County; that Grant County is a political subdivision of the State of Oregon; that Jim Carpenter is a State of Oregon officer, employee, and/or agent, and is the District Attorney for Grant County; that Zach Mobley is a resident of Grant County and is the Undersheriff for the Sheriff of Grant County, and at all relevant times was acting within the scope and course of his employment with Grant County and the Sheriff's Department; that Abigail Mobley is a resident of Grant County, the wife of Zach Mobley, and at one time was a correction officer and drug team member for Grant County and the Sheriff's Department, and at all relevant times, she was acting within the scope and course of her employment for Grant County and the Sheriff's Department; that Plaintiff was arrested in Idaho in plain view of the public as she was getting ready to complete a drug transaction, and at that time was having an adulterous sexual relationship with Grant County Sheriff Deputy Tyler Smith, who was married to Erin Smith at the time; that Haley Olson was stopped and arrested in Idaho for the commission of a crime, and at that time voluntarily agreed to have the contents of her cell phone copied to an electronic drive for inspection of all of its contents with no restrictions, and Ms. Olson also agreed to have her car searched; that the Idaho Police found a business card of Tyler Smith who Ms. Olson stated was her boyfriend; that the contents of the cell phone were voluntarily given to Idaho State Police, and Idaho government without any restrictions sent the electronic drive or a copy thereof to Jim Carpenter for his inspection of all of its contents with no restrictions; and that prior to being

terminated for cause from his employment, Tyler Smith had been placed on administrative leave.

2.

Except as admitted in Paragraph 1., these answering Defendants deny each and every other allegation contained in Plaintiff's Third Amended Complaint for the reasons that the allegations are an improper pleading of evidence; or that the allegations are not true, or that the allegations are improper opinions and conclusions of law, or for the reason that these Defendants do not have sufficient information to form a belief as to the truth or falsity of the Plaintiff's allegations.

• • • • • • • • • • • •

FOR THEIR FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

3.

The Plaintiff consented to allowing anyone to view the materials, photos, and information on her cell phone once she consented to having the information stored on her cell phone copied by others; and once she consented and gave, published, distributed, and exhibited such information and photos to Tyler Smith and other people; and once she showed Tyler Smith and others the materials, photos, and information on her cell phone, since from that point forward, Plaintiff had no reasonable expectation of privacy as to anything on her cell phone, and as to anything on her cell phone she showed, transferred, published, distributed, and exhibited to others, and as to anything other people, including Tyler Smith, showed, transferred, published, distributed, and exhibited to other people.

• • • • • • • • • • • • •

FOR THEIR SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

4.

Plaintiff had and has a continuous obligation to mitigate her damages by stopping her disclosure, transferring, publishing, and exhibition of the contents of her cell phone to others, and Defendants are entitled to an offset for any damages attributable to Plaintiff's failure to so mitigate her damages and her act of initially disclosing, transferring, publishing, and exhibition of the contents of her cell phone to Tyler Smith and others.

• • • • • • • • • • • • •

FOR THEIR THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

5.

At all material times, the conduct of these answering Defendants did not violate clearly established statutory or constitutional rights which a reasonable person would have known; and their conduct was objectively reasonable as measured by reference to clearly established law. Therefore, each of the answering Defendants are entitled to immunity pursuant to the doctrine of qualified immunity.

• • • • • • • • • • • • •

FOR THEIR FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

6.

Plaintiff's claims, or a portion thereof, are barred by the statute of limitations, and/or other statutes, rules, case law, or laws, which required notice of her claims and which limited the time in which Plaintiff had to file this lawsuit and to file and serve a complaint, summons, or lawsuit; contest, or present the issues raised in her Third Amended Complaint on file herein in this Court; and which limited the time Plaintiff had to give a tort claim notice as to her state law claims.

• • • • • • • • • • • • •

FOR THEIR FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

7.

The Plaintiff has voluntarily waived any right to any protection provided by the Constitution of the United States or by any state law from the disclosure of the photos and information on her cell phone disclosed by her and by those people to whom the Plaintiff consented and gave such information and photos to possess and view; and Plaintiff has waived any right of privacy or a reasonable expectation of privacy as to such contents disclosed by her and those people Plaintiff consented and gave such information and photos to possess and view.

• • • • • • • • • • • • •

FOR THEIR SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

8.

Plaintiff's right of privacy of the matters, information, and images claimed in her Third Amended Complaint ended when she voluntarily allowed such private images and information to be placed on the cell phone of others, and it further ended when she consented to the Idaho State Police and Idaho government to copy, view, and analyze such materials, images, and information; and it further ended when the Idaho State Police and Idaho government consented to allow others to have possession of such materials, images, and information.

• • • • • • • • • • • • •

FOR THEIR SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

/ /

/

9.

Any damage to Plaintiff resulted from her own publication of the photos and materials she now complains, including her statements and disclosure about her affair with Tyler Smith and others; therefore, Plaintiff cannot recover damages from Defendants to the extent that such damages resulted from any publication made by her, or other members of the Public.

• • • • • • • • • • • • •

FOR THEIR EIGHTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

10.

As to Plaintiff's state law claims, the Plaintiff is not entitled to any damages or claims not allowed or that are limited by the provisions of the Oregon Tort Claims Act, including the prohibition of punitive damages by the OTCA.

• • • • • • • • • • • • •

FOR THEIR NINTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

11.

Each of the claims of the Plaintiff fail to state facts sufficient to state a claim for relief against any of the Defendants; therefore, each claim must be dismissed.

• • • • • • • • • • • • •

FOR THEIR TENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

12.

By the doctrine of issue and claim preclusion, the Plaintiff in this case is barred from contending that these answering Defendants viewed the contents of the cell phone of Haley Olson because of the finding of the State Court in the case of *Palmer v. Olson*, Case No. 20CV34464, currently pending in the Circuit Court

for Grant County to the effect that these answering Defendants did not see the contents of the cell phone, and that Haley Olson knew and knows that none of the answering Defendants ever saw the contents of the cell phone, such finding entitling these answering Defendants to sanctions and attorney fees against Plaintiff and her attorneys for adding these answering Defendants to this lawsuit after the ruling of the State Court.

• • • • • • • • • • • • •

FOR THEIR ELEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

13.

At all times mentioned herein, Haley Olson, not any of the Defendants, disclosed that Tyler Smith was her boyfriend and that she was in a sexual relationship with Tyler Smith; and that Tyler Smith had committed adultery leaving his wife, Erin Smith, to take care of their children while Tyler Smith had his affair with the Plaintiff. Further, Olson, not any of the Defendants, disclosed the videos and photos of her relationship with Tyler Smith to the Idaho State Police and Idaho government without restrictions, and she made public that such photos and videos were on her cell phone. Once such disclosures were made, the Plaintiff no longer had any rights protected by the Constitution of the United States to limit further disclosure of her sexual relationship with Tyler Smith and/or to limit further disclosure of the images, photos, and texts contained on the cell phone of Ms. Olson.

• • • • • • • • • • • • •

FOR THEIR TWELFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

14.

Plaintiff lacks any standing or right to assert any privacy claims of Tyler Smith.

• • • • • • • • • • • • •

FOR THEIR THIRTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

15.

At all times material herein, Haley Olson gave her written consent for the search and copying of all information on her cell phone after being advised as follows:

> Idaho State Police
> Voluntary consent to Search
>
> You have certain rights under both the Idaho and United States Constitutions relative to your property. You are not required to consent to a search of your property and you have the absolute right to refuse to consent to such a search. In the event you do consent to such a search, any evidence found as a result of such search could be taken and used against you in Court.

After being so advised, Plaintiff consented to the search of her car and cell phone and consented to the Idaho State Police to copy the contents of her cell phone. Once this consent was given by Haley Olson on January 22, 2019, Plaintiff lost all rights and privileges to keep any information, photos, or videos on the cell phone private under the Constitution of the United States and all state laws; thus, all of her claims must be dismissed.

• • • • • • • • • • • • •

FOR THEIR FOURTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

16.

Any statements relating to the Plaintiff including the fact that the Plaintiff and Tyler Smith were in an adulterous sexual relationship and that there were sexual photos and videos of the Plaintiff and Tyler Smith on Olson's cell phone were true or substantially true; therefore, no one, including the Defendants, can be held liable for the disclosure of such truthful information since such disclosure of information is protected by the First Amendment to the Constitution of the United States.

• • • • • • • • • • • • •

FOR THEIR FIFTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

17.

At no time have Defendants Abigail Mobley and/or Zach Mobley ever acquired, viewed, and/or disclosed any intimate images or information from the cell phone of Haley Olson; and such a contention that they did is frivolous as a matter of law.

• • • • • • • • • • • • •

FOR THEIR SIXTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

18.

After Haley Olson was arrested for the attempted sale of drugs and for the possession of drugs in Idaho on January 22, 2019, and after Haley Olson told the Idaho State Police that Tyler Smith was her boyfriend during the investigation of the crime, law enforcement officers and district attorneys in Oregon had reasonable suspicion to stop and detain the Plaintiff for information about her involvement and knowledge of the circumstances surrounding the facts supporting

her arrest, and they had the right to view all evidence the Plaintiff gave to the Idaho State Police.

• • • • • • • • • • • • •

FOR THEIR SEVENTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

19.

At no time did these answering Defendants seize and/or search the Plaintiff or her cell phone; thus, Plaintiff's claim that Defendants seized and searched her or her cell phone is frivolous as a matter of law.

• • • • • • • • • • • • •

FOR THEIR EIGHTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

20.

At no time has Tyler Smith ever been the husband of the Plaintiff or a relative of the Plaintiff such that the right of privacy exists under the Constitution of the United States or the laws of the State of Oregon.

• • • • • • • • • • • • •

FOR THEIR NINETEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

21.

The information and photos on the Plaintiff's cell phone were within her sole control to prohibit others from viewing. The only way such photos and information became disclosed was because the Plaintiff so consented and because the Plaintiff, herself, initially disseminated such information to others. Therefore, Defendants cannot be held liable under the Constitution or ORS 30.833, or any other statute.

• • • • • • • • • • • • •

FOR THEIR TWENTIETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

22.

The Oregon Tort Claims Act and the statutory laws of the State of Oregon provide Plaintiff with proper due process of law and an adequate remedy for her claims; therefore, Plaintiff has not been denied due process of law and cannot maintain an action based upon 42 U.S.C. § 1983.

• • • • • • • • • • • • •

FOR THEIR TWENTY-FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

23.

On all state law claims, Plaintiff's exclusive remedy is limited to an action against Grant County, and Plaintiff cannot bring any action against these answering Defendants; therefore, each answering Defendant is entitled to a dismissal of all state law claims.

• • • • • • • • • • • • •

FOR THEIR TWENTY-SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

24.

In Oregon, the liability of public employees for the commission of torts are expressly limited to claims brought pursuant to and under the Oregon Tort Claims Act, and the OTCA is the exclusive remedy for tort claims against public bodies and their employees. Therefore, an action cannot be brought against a public body or its employees based upon ORS 30.833, because the OTCA provides the exclusive remedy for the commission of all torts of which ORS 30.833 is not a part. Therefore, these answering Defendants are entitled to a dismissal of this lawsuit.

• • • • • • • • • • • • •

FOR THEIR TWENTY-THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

25.

Plaintiff's claims are based upon Defendants' performance of or the failure to exercise or perform a discretionary function or duty; therefore, Defendants are immune from liability.

• • • • • • • • • • • • •

FOR THEIR TWENTY-FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

26.

Any statements made by these answering Defendants were conditionally privileged; therefore, Defendants are not liable to Plaintiff for damages.

• • • • • • • • • • • • •

FOR THEIR TWENTY-FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

27.

Any statements made by these answering Defendants were absolutely privileged; therefore, Defendants are not liable to Plaintiff for damages.

• • • • • • • • • • • • •

FOR THEIR TWENTY-SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

28.

At all material times, the Plaintiff was a public official or public figure; therefore her claims must be dismissed because she has failed to allege the proper elements of a claim against the Defendants.

• • • • • • • • • • • • •

FOR THEIR TWENTY-SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, These Answering Defendants allege:

29.

At all material times, Defendants had a right pursuant to the First Amendment of the United States Constitution to express their opinions and views; therefore, Defendants cannot now be held liable for such expressions.

• • • • • • • • • • • • •

**WHEREFORE**, having fully answered Plaintiff's Third Amended Complaint, Defendants Abigail Mobley and Zach Mobley pray that Plaintiff's Third Amended Complaint be dismissed with prejudice, and that Defendants Abigail Mobley and Zach Mobley have judgment in their favor, and against Plaintiff, for their costs and disbursements incurred herein, together with reasonable attorney fees to be fixed by the Court against Plaintiff and her attorneys pursuant to 42 U.S.C. § 1988 and the Federal Rules of Civil Procedure.

DATED: Tuesday, April 6, 2021.

Respectfully submitted,

By: /s/ Robert E. Franz, Jr.
LAW OFFICE OF ROBERT E. FRANZ, JR.
**Robert E. Franz, Jr.**
OSB #730915
(541) 741-8220

**Daniel E. Thenell**
OSB #971655
Thenell Law Group, P.C.
Telephone: (503) 372-6450

**Attorneys for Defendants**
**Abigail Mobley and Zach Mobley**

**Jury Trial Demand**
These Defendants hereby demand
trial by jury pursuant to FRCP 38(b).

/s/ Robert E. Franz, Jr.

**Robert E. Franz, Jr.**
OSB #730915
**Attorneys for Defendants**
**Abigail Mobley and Zach Mobley**