Aaron P. Hisel, OSB #161265
*aaron@montoyahisellaw.com*
Rebeca A. Plaza, OSB #053504
*rebeca@montoyahisellaw.com*
Law Offices of Montoya, Hisel and Associates
901 Capitol St. NE
Salem, OR 97301
Telephone: (503) 480-7250
Fax: (503) 779-2716
Attorneys for Defendants Grant County
and Glenn Palmer

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION

HALEY OLSON,

Plaintiff,

v.

GRANT COUNTY, a government entity; GLENN PALMER, and JIM CARPENTER, individuals,

Defendants.

Case No. 2:20-cv-01342-IM

**DEFENDANTS GRANT COUNTY AND GLENN PALMER'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

**(Request for Jury Trial)**

For their Answer to plaintiff's Fourth Amended Complaint, defendants Grant County and Glenn Palmer ("answering defendants") hereby admit, deny and allege as follows:

1.

In response to paragraph 1, answering defendants deny Sheriff Palmer ever accessed, possessed, distributed, or "released" any data from plaintiff's cell phone alleged to have been obtained by District Attorney Jim Carpenter. Answering defendants are without sufficient knowledge or information to admit or deny whether plaintiff's cell phone contained sexual

photos of herself as a minor. Except as so admitted, deny.

2.

In response to paragraphs 2 and 3, these are plaintiff's jurisdiction and venue allegations to which no response is required. To the extent any facts are alleged, they are denied unless admitted hereinafter.

3.

In response to paragraphs 4, 5, 6, and 7, answering defendants admit Grant County is a governmental entity in Oregon, that Sheriff Palmer was the elected Sheriff and a resident of Grant County, that Jim Carpenter is the Grant County District Attorney, and that Jim Carpenter was at one time also retained as Grant County Counsel for certain matters. Answering defendants are without knowledge or information sufficient to admit or deny where plaintiff currently resides, and on that basis, deny those allegations. Answering defendants deny that Glenn Palmer is currently the Sheriff.

4.

In response to paragraph 8, answering defendants admit plaintiff was arrested by law enforcement in Idaho. Answering defendants are without knowledge or information sufficient to admit or deny what interactions or agreements plaintiff made with any Idaho law enforcement representatives, and on that basis, deny the remainder of these allegations.

5.

In response to paragraphs 9, 10, 11, and 12, answering defendants are without knowledge or information sufficient to admit or deny whether the described interactions with unidentified individuals occurred, and on that basis, deny. With the understanding that the unidentified individual described in paragraphs 9 and 10 are the now-deceased Jim Sproul, answering

defendants deny these allegations. Answering defendants acknowledge that through discovery plaintiff has produced a supposed Facebook message consistent with the allegations of paragraph 11 but have no knowledge about the authenticity of that message or how it could have been produced anonymously through Facebook to begin with, and on that basis, deny. Otherwise, deny.

6.

In response to paragraph 13, answering defendants have an understanding plaintiff was engaged in an extramarital affair with Deputy Tyler Smith in 2019 when Deputy Smith was placed on administrative leave from the Sheriff's Office. With the understanding that this is the unidentified "partner" described in paragraph 13, admit. Otherwise, answering defendants are without knowledge or information sufficient to admit or deny who plaintiff's unidentified "partner" is, and on that basis, deny.

7.

In response to paragraphs 14 and 15, answering defendants are without knowledge or information sufficient to admit or deny whether the interactions described with an unidentified individual occurred or the contents of any of those interactions, and on that basis, deny. To the extent the unidentified individual in paragraph 15 is Tahnee Helms, defendants deny and affirmatively allege Plaintiff has no good-faith basis for these allegations.

8.

In response to paragraphs 16, and 17, admit that a letter dated December 4, 2019 from District Attorney Carpenter to plaintiff includes the quoted material as well as omitted material in the same correspondence that Sheriff Palmer never possessed the cell phone data, that District Attorney Carpenter had deleted the same, and that the investigation was related to Tyler Smith.

Except as so admitted, deny.

9.

In response to paragraph 18, answering defendants are without knowledge or information sufficient to admit or deny whether the interactions described with an unidentified individual occurred or the contents of any of those interactions, and on that basis, deny. With the understanding that the unidentified individual described in paragraphs 18 is the now-deceased Jim Sproul, answering defendants deny these allegations and affirmatively allege Plaintiff has no good-faith basis for these allegations.

10.

In response to paragraphs 19, 20, and 21, admit plaintiff filed a civil claim on April 14, 2020 in Grant County Circuit Court and that she was previously involved in the filing of a DPSST complaint. Except as so admitted, deny, including expressly denying that the filing of a DPSST complaint did or can serve as proper tort claim notice.

11.

In response to paragraphs 22 through 45, these paragraphs contain Plaintiff's legal theories, legal conclusions and statement of damages to which no response is required. To the extent facts are alleged, they are denied unless expressly admitted hereinabove.

**FOR A FIRST AFFIRMATIVE DEFENSE**, answering defendants allege:

(Failure to State a Claim)

12.

Plaintiff has failed to state facts constituting an actionable claim for relief for one or more of the claims asserted including, but not limited to, Plaintiff's assertions that a substantive due

process claim can simultaneously rest on the Fourth Amendment and/or that a single claim for relief can be both a substantive due process claim can also be a Fourth Amendment claim. Plaintiff's *Monell* claims are also facially deficient in failing to identify any policy, practice or custom of the County that caused any alleged harm.

**FOR A SECOND AFFIRMATIVE DEFENSE**, Sheriff Palmer alleges:

(Qualified Immunity)

13.

Glenn Palmer is entitled to qualified immunity from Plaintiff's Constitutional Claim(s) against him in that his conduct did not violate any clearly established law.

**FOR A THIRD AFFIRMATIVE DEFENSE**, answering defendants allege:

(Limitations under the Oregon Tort Claims Act)

14.

Plaintiff's state law claim is subject to the conditions, limitations, immunities and restrictions of the Oregon Tort Claims Act, as set forth in ORS 30.260 *et seq*., including but not limited to, timely and proper tort claim notice.

**FOR A FOURTH AFFIRMATIVE DEFENSE**, answering defendants allege:

(Absolute Privilege)

15.

To the extent any of the communications Plaintiff's state law claim against the County even occurred, they would have been undertaken within the course and scope of their respective positions as employees of the Grant County Sheriff's Office. To the extent there could ever be evidence that Sheriff Palmer spoke to anyone about the contents of plaintiff's cell phone, despite never possessing or viewing those items, answering defendants would still be entitled to absolute

privilege from suit from plaintiff's state claim related to those conversations or any conversations about Plaintiff's public arrest in Idaho.

**FOR A SIXTH AFFIRMATIVE DEFENSE**, answering defendants allege:

(Qualified/Conditional Privilege)

16.

To the extent any of the communications Plaintiff's state law claim against the County even occurred, they would have been undertaken within the course and scope of their respective positions as employees of the Grant County Sheriff's Office. To the extent there could ever be evidence that Sheriff Palmer spoke to anyone about the contents of plaintiff's cell phone, despite never possessing or viewing those items, answering defendants would still be entitled to qualified or conditional privilege from suit from plaintiff's state claim related to those conversations or any conversations about Plaintiff's public arrest in Idaho.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**, answering defendants allege:

(Failure to Mitigate Damages)

17.

Plaintiff contributed to her alleged damages, if any, by consenting to the download of her cell phone data knowing, or when she reasonably should have known: the contents could be embarrassing; there could be evidence of wrongful conduct by herself or others; or given the nature of her criminal arrest and her relationship with a law enforcement officer, the contents could be requested by the District Attorney in the State of her residence for review of any possible criminal or other wrongful conduct. Plaintiff has also contributed to her injuries, if any, by intentionally and repeatedly publicizing information, including knowingly false information, for which she now alleges she was harmed by that information being known by others.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**, answering defendants allege:

(Unreasonable Claims and Frivolous Factual Allegations)

18.

Throughout this litigation, answering defendants have obtained evidence that, in order to continue to prosecute claims she knows or should know have no merit, Plaintiff has repeatedly lied about the substance of her claims, intentionally deleted discoverable information, and even tampered with a potential witness (Tahnee Helms) by offering to compensate her from any proceeds she were to receive from this litigation. Plaintiff has been aware since prior to this litigation began that no member of the Grant County Sheriff's Office ever obtained or viewed the private information in question in this litigation, but Plaintiff has continued to pursue claims against the answering defendants, and publicly slander them based on known false allegations, entitling the answering defendants to a recovery of their attorney fees under ORS 20.105 and 42 U.S.C § 1988.

WHEREFORE, having fully responded to plaintiff's Fourth Amended Complaint, Grant County and Glenn Palmer request judgment in their favor and against plaintiff along with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988 and ORS 20.105.

DATED this 11th day of May, 2022.

s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Rebeca A. Plaza, OSB #053504
Attorneys for Defendants Grant County and Glenn Palmer

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing DEFENDANTS GRANT COUNTY AND GLENN PALMER'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT on:

Meredith A. Holley
Shiwanni Johnson
Eris Conflict Resolution
207 E. 5th Avenue, Ste. 254
Eugene, OR 97401
Attorneys for Plaintiff

Kenneth C. Crowley
Jill Conbere
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
Attorneys for Defendant Jim Carpenter

by the following indicated method or methods:

☒ by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 11th day of May, 2022.

s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Of Attorneys for Defendants Grant County and Sheriff Glenn Palmer