ELLEN F. ROSENBLUM
Attorney General
JILL CONBERE #193430
Assistant Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: jill.conbere@doj.state.or.us
Kenneth.C.Crowley@doj.state.or.us

Attorneys for Defendant District Attorney Jim Carpenter

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HALEY OLSON,

Plaintiff,

v.

GRANT COUNTY, SHERIFF GLENN PALMER, DISTRICT ATTORNEY JIM CARPENTER,

Defendants.

Case No. 2:20-cv-01342-SU

DEFENDANT JIM CARPENTER'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendant Jim Carpenter, by and through the undersigned counsel, in response to Plaintiff's complaint, admits, denies, and alleges as follows:

1.

In response to paragraph 1, this is Plaintiff's introductory paragraph to which no response is required. To the extent any facts requiring a response are alleged, they are denied unless expressly admitted hereinafter.

2.

In response to paragraphs 2 and 3, these are Plaintiff's Jurisdictional and Venue allegations to which no response is required. To the extent any facts requiring a response are alleged, they are denied unless expressly admitted hereinafter.

3.

In response to paragraph 4, Defendant Carpenter is without sufficient knowledge to admit or deny where Plaintiff currently resides and therefore denies that allegation.

4.

In response to paragraphs 5 and 6, the allegations in those paragraphs are directed against co-defendants, and no response is required. To the extent a response is required, Defendant Carpenter denies the allegations.

5.

In response to paragraph 7, Defendant Carpenter admits that he is currently the Grant County District Attorney and that he served as county counsel for Grant County from January 1, 2019, to March 1, 2020.

6.

In response to paragraph 8, Defendant Carpenter admits that Plaintiff was arrested by law enforcement in Idaho and that she signed a Voluntary Consent to search form allowing Idaho State Police to search her mobile phone. Defendant Carpenter is without sufficient knowledge as to the truth of the allegations regarding Plaintiff's motivation for that consent or her interactions with the Idaho law enforcement personnel and therefore denies the remaining allegations.

7.

In response to paragraphs 9, 10, 11, and 12, Defendant Carpenter is without sufficient knowledge as to the truth of the allegations that the described interactions with unidentified individuals occurred and therefore denies the allegations. With the understanding that the



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

individual described in paragraphs 9 and 10 is Jim Sproul, now deceased, Defendant Carpenter denies the allegations in those paragraphs.

8.

In response to paragraph 13, Defendant Carpenter admits the allegations contained in that paragraph with the understanding that the unidentified partner is Tyler Smith. Otherwise, Defendant Carpenter is without sufficient knowledge as to the truth of those allegations and therefore denies them.

9.

In response to paragraphs 14 and 15, Defendant Carpenter is without sufficient knowledge as to the truth of the allegations contained in those paragraphs and therefore denies them. With the understanding that the individual described in paragraph 15 is Tahnee Helms, Defendant Carpenter denies the allegations contained in that paragraph.

10.

In response to paragraphs 16 and 17, Defendant Carpenter admits that Plaintiff made a public records request and that Defendant Carpenter responded to that request. Those records speak for themselves. Except as expressly admitted, Defendant Carpenter denies the remaining allegations.

11.

In response to paragraph 18, Defendant Carpenter is without sufficient knowledge as to the truth of those allegations and therefore denies them. With the understanding that the individual described in paragraph 18 is Jim Sproul, now deceased, Defendant Carpenter denies the allegations.

12.

In response to paragraphs 19, 20, and 21, Defendant Carpenter admits that he learned through the discovery process in this case that Plaintiff filed a DPSST complaint. That complaint speaks for itself. Defendant Carpenter admits that Plaintiff filed a complaint in Grant County



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Circuit Court. That complaint speaks for itself. Defendant Carpenter denies the remaining allegations.

13.

In response to paragraph 22, Defendant Carpenter admits and denies the allegations as heretofore admitted and denied.

14.

In response to paragraphs 23-30, those paragraphs contain Plaintiff's legal theories, legal conclusions, and statement of damages to which no response is required. To the extent that a response is required, Defendant Carpenter denies the allegations unless they are expressly admitted above.

15.

In response to paragraphs 31-45, those paragraphs contain allegations directed against co-defendants, and no response is required. To the extent a response is required, Defendant Carpenter denies the allegations.

16.

Except as expressly admitted above, Defendant Carpenter denies each and every allegation of Plaintiff's complaint.

**JURY DEMAND**

17.

Defendant Carpenter invokes his right to trial by jury for all claims and issues so triable.

**FIRST AFFIRMATIVE DEFENSE**

**Qualified Immunity**

19.

Defendant Carpenter is entitled to qualified immunity for all his actions. At all times relevant to Plaintiff's fourth amended complaint, Defendant Carpenter was acting in good faith and within his discretion pursuant to the laws and statutes of the State of Oregon and the United



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

States, and his conduct violated no clearly established statutory or constitutional rights of which a reasonable official would have knowledge.

**SECOND AFFIRMATIVE DEFENSE**

**Prosecutorial Immunity**

20.

Plaintiff's claims are barred because Defendant Carpenter is entitled to absolute and/or qualified prosecutorial immunity.

**THIRD AFFIRMATIVE DEFENSE**

**Failure to State a Claim**

21.

Plaintiff alleges a violation of her right to privacy under the Fourteenth Amendment in her first claim of relief. That claim also includes allegations of violations of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment. A single claim under 42 U.S.C. § 1983 cannot encompass multiple sources of substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed.").

**FOURTH AFFIRMATIVE DEFENSE**

**Failure to Mitigate**

19.

Plaintiff contributed to her alleged damages, if any, by consenting to the extraction of her cell phone data, informing the Idaho law enforcement officials that she was in a romantic relationship with a Grant County Sheriff Deputy during her arrest, and posting information publicly on social media platforms which she alleges has caused her harm by becoming public knowledge, including information about her arrest and relationship with Tyler Smith.



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**FIFTH AFFIRMATIVE DEFENSE**

**Actions by Third Parties**

20.

If Plaintiff sustained any injury, such injury was caused by the acts of persons or entities over whom Defendant Carpenter exercised no control and for whose conduct Defendant Carpenter is not responsible, including, without limitation, members of the Idaho State Police, the Idaho Prosecuting Attorney's Office, or the Grant County Sheriff's Office, and private citizens Grant County community.

**SIXTH AFFIRMATIVE DEFENSE**

**Plaintiff's Own Conduct**

21.

If Plaintiff sustained any injury or damages related to the circumstances alleged in this case, such injury and damages were wholly, or in part, caused by Plaintiff's own acts or omissions, negligence, or lack of due care, including by making verbal or nonverbal disclosures about her relationship with Tyler Smith, making disclosures about her arrest and the surrounding circumstances, and sharing intimate images or videos electronically.

**SEVENTH AFFIRMATIVE DEFENSE**

**Lack of Causal Relationship**

20.

Plaintiff does not allege any facts to support a causal relationship between the conduct of which she alleges Defendant Carpenter (accessing and reviewing her cell phone extraction) and the harm Plaintiff alleges she suffered. Plaintiff makes no allegations of conduct by Defendant Carpenter that led to the alleged dissemination of information regarding Plaintiff's arrest or intimate relationship, nor to any fear, humiliation, or harassment that Plaintiff alleges she experienced.



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**EIGHTH AFFIRMATIVE DEFENSE**

**Unreasonable or Excessive Damages**

21.

Plaintiff has not alleged facts to support her allegation of willful and malicious conduct or reckless indifference as a mental state; accordingly, punitive damages as pled are not available in this case.

WHEREFORE, having fully answered Plaintiff's fourth amended complaint, Defendant Carpenter prays for a judgment in favor of Defendant Carpenter against Plaintiff, dismissing Plaintiff's fourth amended complaint in its entirety and awarding Defendant Carpenter its costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

DATED May 27, 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

Jill Conbere

JILL CONBERE #193430
Assistant Attorney General
Trial Attorney
jill.conbere@doj.state.or.us
Of Attorneys for Defendant Jim Carpenter



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791